Lawrence H. Meuers, Esq. (SBN: 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RIO VISTA VENTURES LLC, a California limited liability company doing business as GIUMARRA OF NOGALES, <br><br>Plaintiff, <br><br>vs. <br><br>D & A DISTRIBUTORS, a partnership; MAURICIO ESPINOZA AND GUADALUPE SALVADOR, individually and doing business as D & A DISTRIBUTORS; D & A PRODUCE, a partnership; and MAURICE S. ESPINOZA PRODUCE, a general partnership, <br><br>Defendants. | CASE NO: <br><br>CIVIL ACTION COMPLAINT <br><br>Count I — Breach of Contract <br>Count II — Declaratory Relief <br>Count III — Declaratory Relief Validating PACA Trust Claim <br>Count IV — Enforcement of Payment from PACA Trust Assets <br>Count V — Failure to Maintain PACA Trust Assets and Creation of Common Fund <br>Count VI — Breach of Fiduciary Duty <br>Count VII — Unlawful Retention of PACA Trust Assets <br>Count VIII — Unlawful Retention of PACA Trust Assets |

Plaintiff, Rio Vista Ventures LLC, d/b/a Giumarra of Nogales commences this lawsuit to recover damages under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, federal common law, and state law against Defendants.

**PARTIES**

1. Plaintiff is Rio Vista Ventures LLC, a California limited liability company doing business as Giumarra of Nogales ("Rio Vista"). Rio Vista's principal place of business is located in Escondido, California, with a branch office in Nogales, Arizona.

2. Defendants are:

    (a) D & A Distributors, a California general partnership with its principal place of business located in Bell, California.

    (b) D & A Produce, a California general partnership with its principal place of business located in Bell, California.

    (c) Mauricio Espinoza ("Espinoza"), an individual who, upon information and belief, resides in this district.

    (d) Guadalupe Salvador ("Salvador"), an individual who, upon information and belief, resides in this district.

    (e) Mauricio S. Espinoza Produce, a California general partnership with its principal place of business located in Bell, California.

**JURISDICTION**

3. This Court has jurisdiction over this action under 28 U.S.C. §1331, because Rio Vista's claims arise under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. This Court has supplemental jurisdiction over Rio Vista's other claims under 28 U.S.C. §1367(a).

**VENUE**

5. Venue in this District is proper under 28 U.S.C. §1391(b), because a substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here.

**GENERAL ALLEGATIONS**

6. During the transactions at issue, Rio Vista was licensed by the United States Department of Agriculture to engage in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce, holding valid PACA license number 20131132.

7. Espinoza and Salvador formed D & A Distributors and D & A Produce (collectively, the "D & A Companies"), both general partnerships.

8. In August, 2016, Espinoza and Salvador completed and signed Rio Vista's Credit Application, listing D & A Produce as the company applying for credit, agreeing to credit terms of 21 days, and personally guarantying all obligations owed to Rio Vista. See, **Exhibit "A"** for Rio Vista's Credit Application, Payment Term Letter, and Personal Guarantee.

9. Between November 15, 2016, and January 12, 2017, Rio Vista sold to D & A Distributors, in interstate commerce, and D & A Distributors purchased, watermelons in the principal balance of $38,105.55 and avocados in the principal balance of $62,559.60, for a total balance of $100,705.15.

10. D & A Distributors accepted the watermelons, but claimed damages.

11. The $38,105.55 balance for the watermelons reflect credits given by Rio Vista resulting from D & A Distributors' claimed damage.

12. D & A Distributors accepted the avocados without objection.

13. Rio Vista issued and sent invoices listing D & A Distributors as the purchaser for the avocados and watermelons. See, **Exhibit "B"** for outstanding invoices.

14. Rio Vista's invoices included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest accruing at the rate of 18% per annum.

15. D & A Distributors never denied receiving the invoices.

16. D & A Distributors failed to pay for the watermelons and avocados within the parties' payment terms, despite Rio Vista's repeated demands for payment.

## CLAIMS FOR RELIEF

### COUNT I: D & A DISTRIBUTORS

### BREACH OF CONTRACT

17. Rio Vista re-alleges ¶¶1-16.

18. Rio Vista entered into contracts with D & A Distributors for the purchase and sale of watermelons and avocados. *See,* ¶9.

19. Rio Vista fully performed all conditions precedent to the agreed contracts.

20. D & A Distributors breached the contracts by failing to pay Rio Vista for the watermelons and avocados.

21. Rio Vista has suffered damages in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Rio Vista seeks entry of a judgment in its favor and against D & A Distributors in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees.

### COUNT II: D & A DISTRIBUTORS

### DECLARATORY RELIEF

22. Rio Vista re-alleges ¶¶1-16.

23. Under PACA, 7 U.S.C. §499a(b)(4), "perishable agricultural commodity" or "produce" means "fresh fruits and vegetables of every kind and character," including frozen and packed in ice.

24. D & A purchased watermelons and avocados from Rio Vsita in or in contemplation of interstate commerce.

25. A "dealer" subject to PACA is defined in the Federal Regulations as any person or entity who buys "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x).

26. Each transaction of watermelons exceeded 2,000 lbs. See, **Exhibit "C"** for bills of lading for each watermelon transaction.

27. Each box of avocados D & A Distributors from Rio Vista weigh 24 pounds.

28. The number of boxes sold and purchased in each transaction multiplied by each box's weight exceeded 2,000 lbs. *See,* **Exhibit "B"** for avocado invoices.

29. Each watermelon and avocado transaction was "shipped, received, or contracted to be shipped or received" by D & A Distributors in a single day.

30. D & A Distributors purchased aggregate quantities of "produce" totaling 2,000 pounds or more in a single day.

For this reason, Rio Vista seeks entry of an Order declaring that D & A Distributors qualifies as a produce dealer subject to PACA.

## COUNT III: DEFENDANTS

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

31. Rio Vista re-alleges ¶¶1-16 and ¶¶23-30.

32. During the transactions at issue, Rio Vista held a valid PACA license.

33. During the transactions at issue, D & A Distributors was a produce dealer subject to PACA.

34. The watermelons and avocados Rio Vista sold to D & A Distributors satisfy the definition of "perishable agricultural commodity" under the PACA statute. See, 7 U.S.C. §499a(b)(2).

35. D & A Distributors purchased the avocados and watermelons in or in contemplation of interstate commerce.

36. The avocados and watermelons sold by Rio Vista to D & A Distributors were of the type of perishable agricultural commodity typically sold in interstate commerce.

37. The watermelons sold by Rio Vista to D & A Distributors were Product of Mexico. *See,* **Exhibit "B"** for watermelon invoices.

38. The avocados sold by Rio Vista to D & A Distributors were Product of Mexico, Product of Chile, and Product of Dominican Republic. *See,* **Exhibit "B"** for watermelon invoices.

39. As a holder of a valid PACA license, Rio Vista preserved its rights as a PACA trust beneficiary of D & A Distributors by including the required statutory statement on the face of its invoices, and timely sending them to D & A Distributors, as contemplated under 7 U.S.C. §499e(c)(4).

40. D & A Distributors failed to pay for the avocados and watermelons sold to it by Rio Vista.

41. Rio Vista is an unpaid Produce supplier and seller and is entitled to PACA trust protection and payment from D & A Distributors' assets subject to the PACA trust, 7 U.S.C. §499e(c).

For these reasons, Rio Vista seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $100,705.15 against D & A Distributors, and that its valid PACA trust claim includes interest from the date each invoice became past due, attorneys' fees, and costs.

**COUNT IV:  D & A DISTRIBUTORS**

**ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS**
*7 U.S.C. §499e(c)*

42. Rio Vista re-alleges ¶¶1-16, ¶¶23-30, and ¶¶32-41.

43. The *res* of the PACA trust includes Produce received or purchased by the dealer in all transactions, food or products derived from produce, and any receivables or proceeds from the sale of produce or products, and assets commingled with, purchased

with or otherwise acquired with proceeds (collectively, the "PACA Trust Assets"). See, 7 U.S.C. §499e(c)(2).

44. D & A Distributors is in possession, custody, and control of PACA Trust Assets.

45. D & A Distributors must hold the PACA Trust Assets for Rio Vista's benefit.

46. D & A Distributors failed to use the PACA Trust Assets to pay Rio Vista for the purchases and sales of avocados and watermelons.

47. Rio Vista has suffered damages in the amount of $100,705.15, plus interest from the date each invoice became past due, attorneys' fees, and costs.

For these reasons, Rio Vista seeks an Order directing D & A Distributors to immediately pay to Rio Vista, as its PACA trust beneficiary, PACA Trust Assets equal to the sum of $100,705.15, plus interest from the date each invoice became past due, attorneys' fees, and costs.

## COUNT V:  D & A DISTRIBUTORS

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
### 7 U.S.C. §499b(4)

48. Rio Vista re-alleges ¶¶1-16, ¶¶23-30, ¶¶32-41, and ¶¶43-47.

49. D & A Distributors received and controlled the disposition of the avocados and watermelons it purchased from Rio Vista, and the proceeds or receivables from any sales of those avocados and watermelons.

50. PACA requires D & A Distributors, as a PACA trustee, to hold the PACA Trust Assets in trust for Rio Vista's benefit and all other unpaid suppliers of produce with valid PACA trust claims, if any exist, until all have been paid in full.

51. D & A Distributors failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including Rio Vista's claim asserted in this lawsuit.

52. Because D & A Distributors failed to maintain and protect the PACA Trust Assets from dissipation, Rio Vista has suffered damages in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Rio Vista seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order:

(a) Directing D & A Distributors to maintain PACA Trust Assets in the amount of $100,705.15, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims;

(b) Directing D & A Distributors to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

(c) Enjoining D & A Distributors from dissipating PACA Trust Assets.

## COUNT VI:  MAURICIO ESPINOZA AND GUADALUPE SALVADOR

## BREACH OF FIDUCIARY DUTIES

53. Rio Vista re-alleges ¶¶1-16, ¶¶23-30, ¶¶32-41, ¶¶43-47, and ¶¶49-52.

54. During the transactions at issue, Espinoza and Salvador were partners in D & A Distributors and D & A Produce.

55. As partners under California law, Espinoza and Salvador have unlimited personally liable for the contracts of D & A Distributors and D & A Produce.

56. Espinoza and Salvador controlled, or were in a position to control, D & A Distributors' PACA Trust Assets.

57. Espinoza and Salvador each had full knowledge and responsibility for D & A Distributors' operations and financial dealings.

58. Espinoza and Salvador were responsible for the daily management and control of D & A Distributors.

59. Espinoza and Salvador were responsible for making the financial decisions for D & A Distributors.

60. Espinoza and Salvador had the authority to sign company checks on behalf of D & A Distributors.

61. Espinoza and Salvador were responsible for making decisions concerning which creditors D & A Distributors should pay.

62. Espinoza and Salvador each had a duty to ensure that D & A Distributors fulfilled its duties as trustees of the PACA trust.

63. As partners, Espinoza and Salvador each had a duty to ensure that D & A Distributors maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as those amounts became due.

64. D & A Distributors breached its fiduciary duty to maintain the PACA trust.

65. As partners, Espinoza and Salvador breached their respective fiduciary duties by failing to ensure that D & A Distributors fulfill its duties as PACA trustee.

66. Rio Vista has suffered damages in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Rio Vista seeks entry of a judgment in its favor and against Espinoza and Salvador – jointly and severally – in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Rio Vista receives from the PACA Trust Assets.

### COUNT VII: MAURICIO ESPINOZA AND GUADALUPE SALVADOR UNLAWFUL RECEIPT OF PACA TRUST ASSETS

67. Rio Vista re-alleges ¶¶1-16, ¶¶23-30, ¶¶32-41, ¶¶43-47, and ¶¶49-52.

68. D & A Distributors failed to pay PACA Trust Assets to Rio Vista.

69. Upon information and belief, D & A Distributors transferred PACA Trust Assets to Espinoza and Salvador.

70. The PACA Trust Assets received by Espinoza and Salvador belong to Rio Vista.

71. Espinoza and Salvador received PACA Trust Assets when Rio Vista was unpaid for its Produce transactions with D & A Distributors.

72. Espinoza and Salvador must hold any PACA Trust Assets having come into their respective possession or control as trustees for Rio Vista's benefit.

73. Espinoza and Salvador have received PACA Trust Assets subject to Rio Vista's PACA trust claim not for value, and with actual or constructive knowledge of Rio Vista's PACA trust rights.

74. Espinoza and Salvador failed to turnover PACA Trust Assets in their respective possession or control to Rio Vista.

75. Rio Vista has suffered damages in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Rio Vista seeks entry of an Order directing Espinoza and Salvador to disgorge any PACA Trust Assets in their respective possession or control to Rio Vista to the extent of $100,705.15, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies Rio Vista receives from the PACA Trust Assets.

**COUNT VIII: MAURICIO S. ESPINOZA PRODUCE AND D & A PRODUCE UNLAWFUL RECEIPT OF PACA TRUST ASSETS**

76. Rio Vista re-alleges ¶¶1-16, ¶¶23-30, ¶¶32-41, ¶¶43-47, and ¶¶49-52.

77. D & A Distributors failed to pay PACA Trust Assets to Rio Vista.

78. Upon information and belief, Espinoza and Salvador are partners in Mauricio S. Espinoza Produce and D & A Produce.

79. D & A Distributors transferred PACA Trust Assets to Mauricio S. Espinoza Produce and D & A Produce.

80. The PACA Trust Assets received by Mauricio S. Espinoza Produce and D & A Produce belong to Rio Vista.

81. Mauricio S. Espinoza Produce and D & A Produce received PACA Trust Assets when Rio Vista was unpaid for its Produce transactions with D & A Distributors.

82. Mauricio S. Espinoza Produce and D & A Produce must hold any PACA Trust Assets having come into their respective possession or control as trustees for Rio Vista's benefit.

83. Mauricio S. Espinoza Produce and D & A Produce have received PACA Trust Assets subject to Rio Vista's PACA trust claim not for value, and with actual or constructive knowledge of Rio Vista's PACA trust rights.

84. Mauricio S. Espinoza Produce and D & A Produce failed to turnover PACA Trust Assets in their respective possession or control to Rio Vista.

85. Rio Vista has suffered damages in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Rio Vista seeks entry of an Order directing Mauricio S. Espinoza Produce and D & A Produce to disgorge any PACA Trust Assets in their respective possession or control to Rio Vista to the extent of $100,705.15, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies Rio Vista receives from the PACA Trust Assets.

**FOR THESE REASONS,** Rio Vista requests:

A. On Count I, entry of Final Judgment in Rio Vista's favor and against D & A Distributors, in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees (if applicable);

A. On Count II, an Order declaring that D & A Distributors qualifies as a dealer subject to PACA

B. On Count III, an Order declaring that Rio Vista holds a valid PACA trust claim in the amount of $100,705.15 against D & A Distributors, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

C.  On Count IV, an Order directing D & A Distributors to immediately pay to Rio Vista's PACA Trust Assets equal to the sum of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D.  On Count V creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing D & A Distributors to maintain PACA Trust Assets in the amount of $100,705.15, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, directing D & A Distributors to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining D & A Distributors from dissipating PACA Trust Assets;

E.  On Counts IV through V, entry of Final Judgment in favor of Rio Vista and against D & A Distributors, in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F.  On Count VI, entry of a Final Judgment in Rio Vista's favor and against Espinoza and Salvador – jointly and severally – in the amount of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Rio Vista receives from the PACA Trust Assets;

G.  On Count VII, an Order directing Espinoza and Salvador disgorge any PACA Trust Assets in their respective possession or control to Rio Vista to the extent of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Rio Vista receives from the PACA Trust Assets;

H.  On Count VIII, an Order directing Mauricio S. Espinoza Produce and D & A Produce disgorge any PACA Trust Assets in their respective possession or control to Rio Vista to the extent of $100,705.15, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Rio Vista receives from the PACA Trust Assets; and

I. Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on Thursday, April 12, 2018.

**MEUERS LAW FIRM, P.L.**

By: /s/ Lawrence H. Meuers
Lawrence H. Meuers (SBN 197663)

*Attorneys for Plaintiff, Rio Vista Ventures LLC, d/b/a Giumarra of Nogales*