UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-740-DMG (SPx) | Date | September 18, 2018 |
| Title | Rio Vista Ventures LLC v. D & A Distributors, et al. | Page | 1 of 5 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [43]**

## I.
## PROCEDURAL BACKGROUND

On April 12, 2018, Plaintiff Rio Vista Ventures, LLC filed a Complaint against Defendant D &A Distributors, a partnership; Mauricio Espinoza, individually and doing business as D & A Distributors; Guadalupe Salvador, individually and doing business as D & A Distributors; D & A Produce, a partnership; and Maurice S. Espinoza Produce (together, excluding D & A Produce and Maurice S. Espinoza Produce, "Defendants")[1] – jointly and severally – under the Perishable Agricultural Commodities Act of 1930 ("PACA"), federal common law, and state law ("Complaint"). [Doc. # 1.] Defendants have not appeared in this matter. Accordingly, Plaintiff requested the Clerk to enter default against Defendants on June 20, 2018. [Doc. # 34.] The Clerk entered default on June 25, 2018 against Defendants D & A Distributors, D & A Produce, and Maurice S. Espinoza Produce. [Doc. # 36.] On July 11, 2018, Plaintiff filed a second, corrected request for the Clerk to enter default against Defendants Mauricio Espinoza, individually and doing business as D & A Distributors, and Guadalupe Salvador, individually and doing business as D & A Distributors. [Doc. # 40; *see* Doc. # 35.] The Clerk entered default against Defendants Mauricio Espinoza and Guadalupe Salvador on July 12, 2018 [Doc. # 41.] Plaintiff now has filed a Motion for Default Judgment ("MDJ"). [Doc. # 43.] To date, Defendants have not made an appearance or opposed the MDJ.

---

[1] Plaintiff seeks to voluntarily dismiss Defendants D & A Produce and Maurice S. Espinoza Produce from the lawsuit without prejudice. Motion at 2, FN.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 18-740-DMG (SPx)** | Date | September 18, 2018 |
|---|---|---|---|
| Title | ***Rio Vista Ventures LLC v. D & A Distributors, et al.*** | Page | 2 of 5 |

## II.
## ANALYSIS

Plaintiff has complied with the procedural requirements for default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1; Motion, at 2; Decl. of Lawrence H. Meuers ("Meuers Decl." at ¶¶ 13 [Doc. ## 41, 15, 21]. In addition, the Court has considered the *Eitel* factors and concludes that they weigh in favor of entering default judgment against Defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

When moving for a default judgment, the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curium). Plaintiff has sufficiently pled breach of contract and breach of fiduciary duties. *See Reichert v. Gen Ins. Co. of America*, 68 Cal. 2d 822, 830 (1968). Plaintiff—a provider of agricultural commodities, has established the existence of a valid contract, wherein Defendants agreed to purchase perishable agricultural commodities ("produce") from Plaintiff. Complaint at ¶ 18. Plaintiff performed, in that it delivered the produce to Defendants, who received and accepted the produce. *Id.* at ¶ 19. Plaintiff issued and forwarded to D & A Distributors invoices reflecting the agreed upon quantity of goods provided and the amounts owed to Plaintiff. Complaint at ¶¶ 13-14. D & A failed to pay for the produce supplied to Plaintiff. Complaint at ¶ 13. As a result, Plaintiff suffered damages, which are further explained below. *See infra*. According to the complaint, Defendants Espinoza and Salvador were partners in D & A Produce, and, therefore, in a position to control the assets. (*Id.* at ¶¶ 53-66.)

Plaintiff also alleges claims pursuant to PACA. Defendants are dealers under PACA, as they bought aggregate quantities of produce exceeding one ton. *See* 7 C.F.R. §§ 46.2(m), (x); Complaint at ¶¶ 25-30 (citing Exhibit B.). The subject produce, watermelons and avocados, sold by Plaintiff—which held a valid PACA license, to Defendants were of the type of agricultural commodity typically sold in interstate commerce and were, in fact, products of Mexico, Chile, and the Dominican Republic. *See* Complaint at ¶¶ 32-39, Exhibit B; 7 U.S.C. § 499a(b)(2). Plaintiff preserved its rights as a PACA trust beneficiary by including, on the face of its invoices to Defendant, the required statement pursuant to 7 U.S.C. § 499e(c)(4). *See* Complaint at ¶ 41. Therefore, Plaintiffs are entitled to an Order declaring that D & A Distributors qualifies as a produce dealer subject to PACA. *See* 7 U.S.C. § 499e(c). The *res* of the PACA trust includes the produce received or purchased by Defendants, food or products derived from the produce, and assets commingled with, purchases or otherwise acquired with produce proceeds. *See* Complaint at ¶ 43. D & A Distributors possessed the aforementioned assets, but failed to use them to pay Plaintiff for the purchases and sales. *See* Complaint at ¶¶ 44, 46. On this basis, Plaintiff is entitled to enforcement of payment from PACA trust assets. *See, e.g.*, *Superior Sales W., Inc. v. Revival Enterprises, Inc.*, No. SACV–13–352–JST (JPRx), 2013 WL 12136966, at *2 (C.D. Cal. June 18,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-740-DMG (SPx) | Date | September 18, 2018 |
| Title | *Rio Vista Ventures LLC v. D & A Distributors, et al.* | Page | 3 of 5 |

2013). Lastly, liability attaches to both Defendants Salvador and Espinoza, who are responsible for their breach of fiduciary duties as partners in both D & A Distributors and D & A Produce. *See* Complaint at ¶¶ 54-60. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (At default judgment, "all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement.").

Moreover, Plaintiff will be prejudiced without a default judgment—no other enforceable form of relief against Defendant exists and Plaintiff has already incurred expenses pursuing its claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff has submitted a well-pleaded complaint and the unopposed evidence it submits establishes their compliance with a contract with Defendants. Defendants failed, however, to satisfy their $100,705.15 obligation to Plaintiff. In addition, the sum of money at stake is not prohibitive when considered in relation to the seriousness of Defendants' conduct. *See Eitel*, 782 F.2d at 1471–72. Defendants have had several opportunities to defend themselves, but have inexcusably chosen not to appear.

Finally, because entry of default leads to the presumption that Plaintiff's allegations are true and, since Defendants have not appeared, there is no dispute as to material facts. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Given the foregoing, the policy favoring decisions on the merits does not prevent entry of default judgment.

### III.
### REMEDIES

Pursuant to the trust provisions of PACA, Plaintiff requests $100,705.15 in unpaid trust assets for produce sold and delivered to Defendants, along with taxable court costs in the sum of $706.37, attorneys' fees in the amount of $6,223.11, and contractual pre-judgment interest in the amount of $30,450.10 up through September 14, 2018, for a total judgment amount of $138,084.73, plus post-judgment interest at the rate set forth by 28 U.S.C. § 1961. Motion at 16.

1. **Unpaid Trust Assets**

Under PACA, a dealer who violates its provisions "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). Plaintiff has supplied evidence establishing that $100,705.15 in damages is warranted, based on the invoices attached to the Complaint and the Exhibits attached to the Motion. (*See* Motion, Exs. A and C; Meuers Decl., Exs. A and B.); *see, e.g.*, *Progressive Produce Corp. v. Wild W. Produce, LLC*, No. CV 13–00665 RSWL, 2013 WL 1935921, at *2 (C.D. Cal. May 9, 2013) (finding that the plaintiff's principal damages were sufficiently established because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-740-DMG (SPx) | Date | September 18, 2018 |
| Title | *Rio Vista Ventures LLC v. D & A Distributors, et al.* | Page | 4 of 5 |

plaintiff proffered a declaration and the relevant invoices). These invoices contain the statutory language necessary to preserve Plaintiff's PACA rights to collect the unpaid balance on its shipments. (*See* Compl., Ex. B.) Therefore, the Court awards Plaintiff unpaid trust assets in the amount requested.

### 2. Pre-Judgment Interest

Plaintiff also seeks $30,450.10 in pre-judgment interest and finance charges through September 14, 2018 with a daily per diem of $49.66 each day thereafter. (Mot. 8–9; Meuers Decl. ¶¶ 18.) "[P]rejudgment interest may be included in a PACA trust claim if supported by a contractual right; alternatively, the Court has discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants." *Family Tree Produce, Inc. v. Bautista*, No. SA CV 13–00364–DOC (MLGx), 2013 WL 6733576, at *5 (C.D. Cal. Dec. 13, 2013) (citing *Middle Mountain Land & Produce Inc.*, 307 F.3d 1220, 1224 (9th Cir. 2002)).

Here, Plaintiff's invoices contain written provisions that provide for the recovery of finance charges on all delinquent sums at a rate of 18% per annum from the date each payment obligation first became due. *See Progressive Produce Corp.*, 2013 WL 1935921, at *2 (awarding a pre-judgment interest rate of 18% because the terms in the invoice for the sale of goods were included in the parties' contract). Plaintiff's amortization schedule confirms that the requested interest rate on the unpaid invoices in this case yields a total of $30,450.10 in pre-judgment interest through September 14, 2018. (*See* Meuers Decl., ¶ 18, Ex. A.) Accordingly, the Court awards Plaintiff pre-judgment interest of $30,450.10 through September 14, 2018, and continuing until judgment is entered at the daily rate of $49.66. (*See id.* at ¶ 18.) The total amount of pre-judgment interest through September 18, 2018 is $30,648.74.

### 3. Attorneys' Fees and Costs

Plaintiff seeks attorneys' fees in the amount of $6,223.11. Local Rule 55-3 permits the recovery of attorney's fees when a contract provides for such fees. For judgment amounts over $100,000, exclusive of costs, the standard calculation is $5,600.00 + 2% of the amount over $100.00. The Court finds the requested fees of $6,223.11 to be reasonable and in accordance with the Local Rules. *See* Motion, at 9-10.

Plaintiff further requests $706.37 in taxable court costs incurred pursuing this action, including a $400 filing fee and a $306.37 service of process fee. (Meuers Decl., ¶ 19, Ex. B.) Plaintiff's filing fees and fees for service of process are supported by the record and are, therefore, recoverable. *See Family Tree Produce, Inc.*, 2013 WL 6733576, at *6; *Superior Sales W., Inc.*, 2013 WL 12136966, at *4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **ED CV 18-740-DMG (SPx)** | Date | September 18, 2018 |
| Title | *Rio Vista Ventures LLC v. D & A Distributors, et al.* | Page | 5 of 5 |

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's motion for default judgment is **GRANTED**. The Court will enter judgment in favor of Plaintiff Rio Vista Ventures LLC Inc. and against Defendants as follows: $100,705.15 in unpaid trust assets, taxable court costs in the sum of $706.37, attorneys' fees in the amount of $6,223.11, and contractual pre-judgment interest in the amount of $30,648.74, for a total judgment amount of $138,283.37, plus post-judgment interest at the rate set forth by 28 U.S.C. § 1961. Defendants D & A Produce and Maurice S. Espinoza Produce are hereby dismissed from this action, without prejudice.

**IT IS SO ORDERED.**